CRAIG H. MISSAKIAN (CABN 125202)
United States Attorney

JEFF MITCHELL (CABN 236225)
Chief, Criminal Division

EMILY R. DAHLKE (CABN 322196)
Assistant United States Attorney

    1301 Clay Street, Suite 340S
    Oakland, California 94612
    Telephone: (510) 637-3680
    FAX: (510) 637-3724
    Emily.Dahlke@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 4:25-CR-00345-HSG |
| Plaintiff, | **UNITED STATES' SENTENCING MEMORANDUM** |
| v. | |
| | Hearing Date: April 22, 2026 |
| JAMIE NUNEZ HERNANDEZ, | Hearing Time: 2:00 p.m. |
| Defendant. | Hon. Haywood S. Gilliam |

## I.    INTRODUCTION

On December 23, 2024, Jamie Nunez Hernandez ("Defendant" or "Hernandez") possessed 2,000 images of child sexual abuse material, while on state felony probation for his possession of more than 600 images of child sexual abuse material ("CSAM") a year prior. Several months later, in July of 2025, he again possessed over a hundred videos of CSAM. Hernandez previously told law enforcement that he was sexually attracted to little girls and that watching CSAM was "sexually exciting" for him. He said that he trades images and videos of children being sexually abused with other pedophiles on Telegram, and that he intended to sell such materials for profit. He said he would have done so, had he not been arrested. In short, Hernandez is a recidivist hoarder of child sexual abuse material and obtains sexual gratification and excitement from watching the sexual abuse of children, some as young as two years

USA SENTENCING MEMORANDUM
4:25-CR-00345-HSG

old. Based on the nature and circumstances of the offense, the need to protect the public, and to provide deterrence, the government joins probation's recommendation and respectfully recommends that the Court sentence Defendant to 84-months imprisonment, followed by 10-years of supervised release. The government further recommends that the Court order the Defendant to serve the first 6-months of his term of supervised release at a residential drug treatment program.

## II.   FACTUAL BACKGROUND

### 1.   Defendant's Prior Conviction for Possession of Child Sexual Abuse Materials

In August of 2023, Hernandez was arrested after Pleasant Hill Police Department ("PHPD") observed a pistol on the floor of the car Hernandez was sitting in, which was parked in a shopping center. PSR ⁋ 55. PHPD detained Hernandez and seized his two cellphones. *Id*. On the phones, PHPD located hundreds of CSAM images, at least one of which depicted a toddler. *Id*. The next day, PHPD conducted a search of Hernandez's residence and conducted an interview with Hernandez. *Id*. Hernandez told law enforcement that he was sexually attracted to minor girls and that his preferred "type" was girls around 11 years old. *Id*. He also told police that watching child pornography was "sexually exciting" for him and that he used Telegram to receive and exchange CSAM. *Id*. He described that trading was "the exciting part" because he hoped that by sending a video he already possessed, he would receive a new video of a child being sexually abused. *Id*.  Hernandez told police that he was saving the CSAM on his phone because he wanted to distribute them for sale. *Id*.

Hernandez was convicted in the Contra Costa County Superior Court for violating California Penal Code section 311.11(c)(1) – Possession of 600 or More Obscene Images.  *Id*.  He was sentenced to 270 days in jail and 2 years of probation.  *Id*. While on probation for that offense, Defendant committed the instant offense, in that on two separate occasions, he possessed CSAM and in one of those instances, also possessed ammunition.

### 2.   December 23, 2024 - Defendant Possessed 2,000 CSAM Images

On December 23, 2024, Contra Costa County Probation conducted a probation search of Hernandez's residence. PSR ⁋ 8. They seized three phones from his room. *Id*. As a condition of his probation, he was required to provide his probation officer with all passwords necessary to gain access to his devices. PSR ⁋ 8. Hernandez refused to provide the passwords to two of the phones, including the

USA SENTENCING MEMORANDUM
4:25-CR-00345-HSG

phone which contained 2,000 images of CSAM. PSR ⁋ 8. As described in the PSR, the images and videos Hernandez possessed are very disturbing. Hernandez possessed an image of a child approximately 1 or 2 years old, being sexually abused by an adult. Dkt. 29, at ⁋ 2(a))  In another image, a child between the ages of eight to ten years is being sexually abused while restrained. PSR ⁋ 9. One video compilation is 42 minutes long and depicts a child between the ages of nine and eleven being sexually abused by an adult male. *Id*.

      3.   <u>July 17, 2025 – Hernandez Possessed 120 CSAM Images</u>

After the recovery of the child sexual abuse material on Hernandez's phone by probation in December of 2024, law enforcement opened a federal investigation. On July 17, 2025, Homeland Security Investigations ("HSI") executed a federal search warrant at Hernandez's residence. PSR ⁋ 10. On a gray tablet, Hernandez possessed 120 videos of CSAM, which he had transferred onto the tablet between the time period of March 11, 2025, and June 20, 2025. PSR ⁋ 10. Once again, the videos that Hernandez possessed for sexual gratification were extremely disturbing and included sadistic or masochistic conduct. PSR ⁋ 10. Additionally, law enforcement seized multiple rounds of ammunition from Hernandez's bedroom, which he possessed, despite being a felon. PSR ⁋ 11.

### III.    SENTENCING GUIDELINES CALCULAITON

The government agrees with the PSR's calculation of the Defendant's sentencing guidelines, calculated as follows: a base offense level of 18 (USSG §2G2.2(a)(1)); a two-level enhancement for material involving minors under the age of 12 (USSG §2G2.2(b)(2)); a four-level enhancement for material involving sadistic of masochistic conduct (USSG §2G2.2(b)(4)); a two-level enhancement for the offense involving the use of a computer (USSG §2G2.2(b)(6)); a five-level enhancement for the offense involving more than 600 images (USSG §2G2.2(b)(7)); and a three-level reduction for acceptance of responsibility (USSG §3E1.1)), for a Total Offense Level of 28. With a CHC of III, Hernandez's guidelines range is 97-121 months.

### IV.    SENTENCING RECOMMENDATION

The government joins probation's recommendation that the Court sentence Hernandez to 84-month's imprisonment on Counts 1 and 2, to run concurrent. The government also recommends that the 84-month term of imprisonment be followed by a 10-year term of supervision, and that Defendant be

ordered to spend the first six-months of supervised release at a residential drug treatment program. This sentence is sufficient, but not greater than necessary, to achieve the purposes set forth in 18 U.S.C. § 3553(a)—including promoting respect for the law, reflecting the seriousness of the offense, providing just punishment, and affording adequate specific and general deterrence to criminal conduct. An 84-month sentence would accomplish these objectives while also appropriately accounting for the aggravating and  mitigating factors applicable to Hernandez's case – namely, his drug addiction.

## V.    APPLICABLE LAW

The Court should impose a sentence sufficient, but not greater than necessary, to reflect the purposes of sentencing that Congress identified in 18 U.S.C. § 3553(a)(2). *United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008). The Court should begin the process of determining an appropriate sentence by calculating the correct sentencing range under the Guidelines. *Id.* After determining the appropriate Guidelines calculation, the Court should then evaluate the sentence for substantive reasonableness in light of the factors set out in Section 3553(a). *Carty*, 520 F.3d at 991–93.

Under 18 U.S.C. § 3553(a), in arriving at the appropriate sentence for the Defendant, the Court should consider these factors applicable to this case, among others:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(3) the need for the sentence imposed to afford adequate deterrence to criminal conduct;

(4) the need for the sentence to protect the public from future crimes of the defendant;

(5) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(6) the need to provide restitution to any victims of the offense.

Based upon a consideration of the Sentencing Guidelines and the factors set forth in 18 U.S.C. § 3553(a), the government respectfully recommends a custodial sentence of 84-months imprisonment, followed by 10-years of supervised release, the first six months to be served in residential drug treatment. The government submits that an 84-month term of imprisonment, which is below the

USA SENTENCING MEMORANDUM
4:25-CR-00345-HSG

low-end of the guidelines range, is the just and appropriate sentence under the circumstances., when considering the 18 U.S.C. § 3553(a) factors present in this case.

## VI.   ARGUMENT

### 1.   The Nature and Circumstances of the Offense

As noted in the PSR, Hernandez possessed a large quantity of CSAM. The images and videos he possessed showed the sadistic sexual abuse of children, forever memorializing the worst moments of their lives. Possession of CSAM is not a victimless crime. Survivors of CSAM live with the daily horror of their abuse being viewed and shared, well beyond when the actual physical abuse has ended. The viewing of their sexual abuse by people like Hernandez contributes to ongoing emotional, psychological and mental hardships for these victims. As stated in the PSR – the damage to the victims is "immeasurable, multifaceted and lifelong".

Based only on the nature of the offense described above, a meaningful sentence is necessary to account for the seriousness of the offense. Additionally, the fact that Hernandez repeatedly persisted in the possession of CSAM materials, while on probation for the same offense is an aggravating factor, that weighs in favor of an 84-month sentence. During the investigation of his original state conviction, Hernandez told law enforcement that he is sexually attracted to girls aged 11 years old and he enjoyed trading CSAM and intended to sell CSAM. PSR ⁋ 55 These statements are concerning and reflect the seriousness and danger of Hernandez's repeated possession of CSAM on two future occasions. An 84-month sentence is necessary to provide just punishment.

### 2.   The Need for Deterrence

Hernandez has not previously been deterred by lighter sentences. He previously served a 270-day sentence for his original CSAM conviction, which did nothing to deter him. He was on probation for possession of CSAM when he again possessed CSAM. And, even after his probation officer searched his residence and seized his electronic devices (which Hernandez knew contained CSAM), he again possessed over a hundred CSAM videos just a few months later. An 84-month sentence is necessary in order to provide specific deterrence to Hernandez, given his repeated pattern of possessing CSAM images, despite being on supervision.

### 3.   An 84-Month Sentence Protects the Public

USA SENTENCING MEMORANDUM
4:25-CR-00345-HSG

As already discussed, possession of CSAM causes real harm – not only to the children who were harmed in the making of the CSAM images, but also because it feeds pedophilic "demand", thereby increasing the risk that possessors of CSAM will commit hands-on conduct with children. Since 2023, Hernandez has been caught possessing CSAM on three separate occasions. The first instance resulted in a state conviction. The second time occurred while he was on probation. The third time occurred while on probation, after he knew that his probation officer had taken custody of phones that contained CSAM. Additionally, while Hernandez was on probation for his original state CSAM conviction, he failed to enroll in sex offender treatment and according to his probation officer "had made no progress for Court ordered directives.' PSR Sentencing Recommendation, p. 2. An 84-month sentence, followed by six-months of treatment, is necessary because it will disrupt Hernandez's pattern of not complying with court orders and will prevent him from possessing CSAM for an extended period of time.

4. An 84-Month Sentence Followed by a 10-Year Term of Supervised Release Provides Hernandez with Necessary Treatment

Both probation and the United States' recommendation takes into account the fact that while Hernandez needs a meaningful custodial sentence, his sentence should also include ongoing supervision and necessary treatment. His substance abuse appears to contribute to his criminal history – as he has a significant history of DUIs. Hernandez needs to seek treatment to meaningfully engage with and change his criminal behavior. Given his recent poor performance on state probation it is apparent he needs the support, guidance, and structure of federal supervision in order to rehabilitate into society and prevent future offenses. A 10-year period of supervision fulfills those ends. Additionally, all parties agree that Hernandez needs residential treatment to address some of the underlying factors contributing to his lack of impulse control and sexual attraction to young girls.

5. An 84-Month Sentence is Sufficient, but Not Greater than Necessary

Probation and the United States' 84-month sentencing recommendation is a reasonable variance below Hernandez's guideline range of 97-121 months. The government and probation both recognize that the Court should consider Hernandez's drug and alcohol addiction as a mitigating factor, as well as the fact that he readily accepted responsibility for his conduct in this case, quickly entering into a pre-indictment resolution and waiving a detention hearing. The government and probation's below

USA SENTENCING MEMORANDUM
4:25-CR-00345-HSG

guidelines sentencing recommendation accounts for these mitigating factors. At the same time, a custodial sentence below 84-month does not properly account for the aggravating factors present in this case – including that he was on probation for the same offense, his instance on criminality despite a relatively stable and normal childhood, his continued pattern of possessing CSAM, the harm inflicted on the victims, his lack of compliance while on probation and his possession of ammunition, as a felon.

## VII. CONCLUSION

For the reasons set forth above, the government agrees with probation that a sentence of 84-months imprisonment, followed by 10 years of supervised release is sufficient with a 6-month period of in-patient drug treatment, is sufficient, but not greater than necessary, to achieve the purposes of sentencing set forth in 18 U.S.C. § 3553(a). The government requests that the Court sentence the defendant accordingly.

DATED: April 15, 2026

Respectfully submitted,

CRAIG H. MISSAKIAN
United States Attorney

*/s/ Emily R. Dahlke*

EMILY R. DAHLKE
Assistant United States Attorney

,

USA SENTENCING MEMORANDUM
4:25-CR-00345-HSG